IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

RICHARD STEVENSON                                                                    PLAINTIFF

      v.                       Civil No. 11-5072

SHERIFF KEITH FERGUSON,
Benton County, Arkansas; DEPUTY
DUNN; DEPUTY COGGINS; and
DEPUTY GULLY                                                                         DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, Richard Stevenson, filed this civil rights action pursuant to the provisions of 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis.*

When he filed this case, Plaintiff was incarcerated in the Benton County Detention Center (BCDC). Plaintiff was advised that he was required to immediately inform the Court of any change in his address (Doc. 3). If he failed to do so, Plaintiff was told the case would be subject to dismissal. In that same order, Plaintiff was given until March 31, 2011, to advise the Court whether he intended to name Deputy King as a Defendant.

On March 23rd and March 28th, mail was returned to the Court as undeliverable from the BCDC. Court staff then obtained the address Plaintiff provided detention officials when he was booked in. A change of address was entered on his behalf (Doc. 5). Plaintiff never advised the Court whether he intended to name Deputy King as a Defendant.

On September 15, 2011, Defendants filed a motion to dismiss (Doc. 16) on the grounds that the Plaintiff has failed to keep the Court and Defendants' counsel informed of his current address. Defendants note that mail sent to him at the address on the docket sheet had been

returned as undeliverable. On September 19, 2011, mail was returned to the Court as undeliverable.

Plaintiff has not communicated with the Court. He has not responded to the motion to dismiss. I therefore recommend that the motion to dismiss (Doc. 16) be granted and this case be dismissed with prejudice based on Plaintiff's failure to obey the orders of the Court and his failure to prosecute this action. Fed. R. Civ. P. 41(b).

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 7th day of October 2011.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)